# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TRIPLE "S" OPERATING COMPANY, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-CV-0328-CVE-FHM |
| ) | |
| EZPAWN OKLAHOMA, INC., ) | |
| HANOVER INSURANCE COMPANY, ) | |
| ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Now before the Court is Plaintiff's Motion to Remand, With Supporting Brief (Dkt. # 17). Plaintiff Triple "S" Operating Company, LLC (Triple "S") filed a petition in the District Court of Tulsa County, Oklahoma, on April 10, 2010 (Dkt. # 2-2). Defendants EZPawn Oklahoma, Inc. (EZPawn) and Hanover Insurance Company[1] (Hanover) removed the case to this Court on May 21, 2010 (Dkt. # 2). Triple "S" argues that the case should be remanded to the state court. Dkt. # 17.

## I.

Triple "S" is an Oklahoma limited liability company. Dkt. # 2-2, at 1. EZPawn Oklahoma is a Delaware corporation. Dkt. # 2, at 3. EZPawn operates retail stores in Oklahoma. EZPawn's principal executive offices are located in Austin, Texas. Dkt. # 21-2, at 1. EZPawn's overall operations are directed, coordinated, and controlled from EZPawn's parent corporation's corporate headquarters in Austin, Texas. Id. All human resources, payroll, real estate/construction, benefits, accounting, tax, and administrative functions for EZPawn are performed in Austin, Texas. Id. at 2.

---

[1] Hanover Insurance Company was substituted as the property party defendant for and in place of The Hanover Insurance Group, Inc. Dkt. # 20.

Hanover is a Massachusetts corporation with its principal place of business in Massachusetts.[2] Dkt. # 26, at 1.

This dispute arises out of a commercial lease agreement between Triple "S" and EZPawn. Triple "S" is the owner of a property located at 1447 North Lewis, Tulsa, Oklahoma. Dkt. # 2-2, at 2. On August 30, 1995, EZPawn and Triple "S" entered into a commercial lease agreement for the 1447 North Lewis property. Id. The original lease term was five years, and the lease was renewed in 2000 and 2005 for additional five year terms. Id. The lease states that "tenant shall provide fire and extended coverage insurance . . . on the buildings and other improvements on the [property.]" Dkt. # 17-2, at 2. Triple "S" alleges that Hanover issued an insurance policy for the property to EZPawn, and that Triple "S" is an additional insured under such policy. Dkt. # 2-2, at 2. Triple "S" alleges that, in January 2010, EZPawn reported cracked roof beams at the property. Id. at 3. It further alleges that there was a fire at the property in 2005, and that EZPawn made repairs but did not advise or give notice to Triple "S" to inspect the repairs. Id. at 4. Triple "S" alleges that the inadequacy of these repairs may have contributed to the 2010 roof damage. Triple "S" brought claims for breach of lease agreement and negligence against EZPawn, and breach of insurance contract against Hanover. Id. at 3. The lease agreement contains a forum selection clause. See Dkt. # 17-2, at 6.

---

[2] Plaintiff's Unopposed Motion to Substitute Party (Dkt. # 19) states that Hanover is a New Hampshire corporation. However, Defendant Hanover Insurance Company's Answer to Plaintiff's Complaint states that Hanover is a Massachusetts corporation. Dkt. # 26, at 1. Whether Hanover is a Massachusetts or New Hampshire corporation does not affect this Court's jurisdiction.

**II.**

A case must be remanded to state court if at any time before final judgment it appears the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). Removal statutes are to be strictly construed, and all doubts are to be resolved against removal. Fajen v. Found. Reserve Ins. Co., 683 F.2d 331, 333 (10th Cir. 1982); see also Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995). Removal in this case was based on diversity jurisdiction. The federal diversity statute, 28 U.S.C. § 1332, requires complete diversity of citizenship and that the amount in controversy exceed $75,000.

Triple "S" argues that there is not complete diversity among the parties in this case because EZPawn's principal place of business is Oklahoma. Dkt. # 17, at 8-11. "A corporation shall be deemed to be a citizen of any State by which it has incorporated and of the State where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). Recently, in Hertz Corp. v. Friend, 130 S. Ct. 1181 (2010), the United States Supreme Court held that the term "'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," or the corporation's "nerve center." Id. at 1186. Normally, a corporation's nerve center is "the place where the corporation maintains its headquarters . . . ." Id. at 1192.

Triple "S" argues that EZPawn's principal place of business is Oklahoma because EZPawn operates stores in Oklahoma. However, EZPawn's nerve center is located in Texas. EZPawn's corporate offices are in Texas, and its operations are directed from Texas. The fact that EZPawn operates retail stores in Oklahoma does not make its principal place of business Oklahoma. In Hertz, the Supreme Court explained that even "if the bulk of a company's business activities visible to the public take place in New Jersey, while its top officers direct those activities just across the

3

river in New York, the 'principal place of business' is New York." Id. at 1194. EZPawn's principal place of business, for diversity purposes, is Texas. Therefore, there is complete diversity among the parties and remand on the basis of diversity jurisdiction is not proper.

### III.

A case may also be remanded pursuant to a mandatory forum selection clause. See, e.g., American Soda, LLP v. U.S. Filter Wastewater Group, Inc., 428 F.3d 921, 923 (10th Cir. 2005) (affirming order of remand to state court based on a mandatory forum selection clause). Triple "S" argues that this case should be remanded because the lease agreement contains a forum selection clause designating the Oklahoma state court in Tulsa County as the sole forum for litigation. Dkt. # 17, at 5. Defendants argue that the clause is permissive, rather than mandatory, and that the clause contemplates venue in the state or federal court located in Tulsa County, Oklahoma. Dkt. ## 21.

The relevant portion of the lease agreement states:

> **STATE LAW TO APPLY.** This agreement shall be construed under and in accordance with the laws of the State of Oklahoma, and venue for any action hereunder shall lie in Tulsa County.

Dkt. # 17-2, at 6.

EZPawn argues that Oklahoma law governs the enforceability and interpretation of the clause at issue here. Dkt. # 21, at 10. Triple "S" does not argue for a particular choice of law, and cites both Oklahoma and federal law in support of its motion to remand. See Dkt. # 17, at 5-8. The Court need not resolve the choice of law issue, because Oklahoma and federal law regarding forum selection clauses are substantially similar. See Hunnicutt v. CHF Solutions, Inc., No. 10-CV-0042-CVE-FHM, 2010 WL 1078470, at *3 (N.D. Okla. March 18, 2010) (noting that federal, Minnesota, and Oklahoma law regarding forum selection clauses are substantially similar and that interpretation

4

of the disputed clause would not change based on the choice of law); see also Excell, Inc. v. Sterling Boiler & Mech., Inc., 106 F.3d 318, 320 (10th Cir. 1997) (declining to decide whether state or federal law applied to a forum selection clause because there were no material discrepancies between Colorado and federal common law on the matter). "Under both federal and Oklahoma common law, forum selection clauses are prima facie valid and should be enforced unless they can be shown to be unreasonable under the circumstances of the case." Zenergy, Inc. v. Novus Operating Co., No. 07-CV-0128-CVE-PJC, 2007 WL 1160327, at *1 (N.D. Okla. April 17, 2007).

Forum selection clauses are either mandatory or permissive. Excell, 106 F.3d at 321. "Mandatory forum selection clauses 'contain[ ] clear language showing that jurisdiction is appropriate only in the designated forum,'" whereas "permissive forum selection clauses authorize jurisdiction in a designated forum, but do not 'prohibit litigation elsewhere.'" Id. (quoting Thompson v. Founders Gp. Int'l, Inc., 886 P.2d 904, 910 (Kan. Ct. App. 1994)).

EZPawn contends that the forum selection clause in the lease agreement is permissive because it does not state that venue shall lie "exclusively" or "only" in Tulsa County. Dkt. # 21, at 11. In Excell, the Tenth Circuit held that the phrase "venue shall lie in the County of El Paso, Colorado" was a mandatory forum selection clause. 106 F.3d at 321.

EZPawn argues that Excell does not dictate the result in this case because the Tenth Circuit's approach has "evolved" to follow the approach of the Kansas Court of Appeals in Thompson, 886 P.2d 904. Dkt. # 21, at 13. Even if this were the case, Thompson does not suggest that the forum selection clause in this case is permissive. The Thompson court determined that the phrase "jurisdiction and venue of any action brought pursuant to this Agreement . . . shall properly lie in the Circuit Court of the Thirteenth Judicial Circuit of the United States District Court for the Middle

5

District of Florida, Tampa Division," was a permissive forum selection clause. 886 P.2d at 271. In SBKC Service Corp. v. 1111 Prospect Partners, L.P., 105 F.3d 578 (10th Cir. 1997), the Tenth Circuit discussed Thompson when interpreting the clause "an action may be maintained in the State of Kansas and the County of Wyandotte . . . ." The SBKC court determined that "the plain meaning of 'may be maintained' . . . is the functional equivalent of Thompson's 'shall properly lie,'" and, thus, that the disputed clause was permissive. 105 F.3d at 582. Recently, in American Soda, 428 F.3d 921, the Tenth Circuit reiterated the rule that "when venue is specified. . . and the designation is accompanied by mandatory or obligatory language, a forum selection clause will be enforced as mandatory." Id. at 927. In a footnote, the American Soda court cited the Excell forum selection clause as an example of a mandatory forum selection clause. Id. at 927 n.4 ("[f]or example, under the rule, the forum selection clause at issue in [Excell], which stated '[j]urisdiction shall be in the State of Colorado, and venue shall lie in the County of El Paso, Colorado,' is mandatory because of its specific county designation and use of the obligatory word 'shall'"). Thompson and SBKC do not dictate a different result because the clauses at issue in those cases were materially different from the clause at issue here because the language was modified by "properly lie" and "may be maintained." Tenth Circuit precedent, particularly the interpretation of identical mandatory language in Excell, dictates that the phrase "venue for any action hereunder shall lie in" is mandatory.

The determination that the clause at issue here is mandatory does not end the inquiry. EZPawn argues that the clause contemplates venue in either the state or federal court located in Tulsa County, Oklahoma. Dkt. # 21, at 14-18. The Tenth Circuit has held that when a clause specifies that venue shall be proper in the courts of a particular county, venue is proper in the state

6

court only.  See American Soda, 428 F.3d at 926 ("the federal court located in Colorado is not a court of the State of Colorado but rather a court of the United States of America") (emphasis in original").  However, the clause at issue in this case differs from the clause at issue in American Soda because it states merely that " venue for any action hereunder shall lie in Tulsa County," rather than in the court of Tulsa County.[3]

In Milk 'N' More, Inc. v. Beavert, 963 F.2d 1342 (10th Cir. 1992), the Tenth Circuit held that the clause "venue shall be proper under this agreement in Johnson County, Kansas" "strongly points to the state court of that county."  Id. at 1346.  In Excell, the Tenth Circuit rejected the argument that the phrase "venue shall lie in the County of El Paso, Colorado" could be interpreted to permit removal to the federal district court that sits in El Paso County.  106 F.3d at 321.  The Excell court stated that "[f]or federal court purposes, venue is not stated in terms of 'counties.'  Rather, it is stated in terms of 'judicial districts.'  Because the language of the clause refers only to a specific county and not to a specific judicial district, we conclude venue is intended to lie only in state district court."  Id. (internal citations omitted).  The Tenth Circuit's holding in Excell forecloses EZPawn's argument that the forum selection clause in the lease agreement permits removal to the federal court sitting in Tulsa County, Oklahoma.

Because the lease agreement contains a mandatory forum selection clause specifying the Oklahoma state court sitting in Tulsa County as the exclusive forum for litigation, EZPawn has waived its right to remove this matter to federal court.  Because all defendants cannot consent to

---

[3]  The clause at issue also differs materially from the clause at issue in Zenergy, 2007 WL 1160327, at *1, which stated that "any lawsuit shall be filed in the District court of Tulsa County, Oklahoma," (emphasis added), and in Hunnicutt, 2010 WL 1078470, at *1, which stated that any suit "shall be litigated only in the courts of the State of Minnesota, County of Hennepin."

removal, this matter cannot be removed to federal court. See Cornwall v. Robinson, 654 F.2d 685, 686 (10th Cir. 1980) (a petition for removal not joined by a co-defendant is procedurally defective).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand, with Supporting Brief (Dkt. # 17) is **granted**.

**IT IS FURTHER ORDERED** that the Court Clerk is directed to **remand** this case to the District Court of Tulsa County, Oklahoma.

**DATED** this 30th day of June, 2010.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT